IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AZAYVIAN RUSSELL                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO.: 3:24-CV-47-HTW-LGI

NEWTON COUNTY; JODY PENNINGTON;
RANDY PATRICK; BRAD EMMUSDON; AND
SCOTT COUNTY                                                      DEFENDANTS

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
BY RANDY PATRICK

Pro se Plaintiff Azayvian Russell has failed to allege any facts sufficient to state a plausible

claim for relief against Defendant Randy Patrick.  All of his claims against Patrick should therefore

be dismissed.

RELEVANT BACKGROUND

On January 26, 2024, Plaintiff filed his original complaint against the City of Newton

Police Department, the Newton County Sheriff's Department, and the Scott County Sheriff's

Department.  *See generally* Compl. [1].  Plaintiff then amended his complaint on April 18, 2024

to add Randy Patrick, Jody Pennington, and Brad Emmusdon as defendants.  *See generally* Am.

Compl. [8].  In his amended complaint, Plaintiff alleges that on June 17 or 19, he was arrested for

aggravated assault, but the charge was dropped, and he was released because his actions were

purportedly justified by self-defense.  *Id.* at 4-5.  A month later, on July 17, Plaintiff was allegedly

arrested again and charged with the same aggravated assault offense.  *Id.*  For relief, Plaintiff seeks

$1.1 million in damages and his charges dropped immediately.  *Id.* at 5.

On August 22, 2024, the Court ordered Plaintiff to file a written response to answer several

questions, including if Plaintiff was naming the City of Newton as a defendant in place of the City

of Newton Police Department and, if so, to specifically state how the City of Newton allegedly

violated his constitutional rights, and, if Plaintiff was naming Patrick as a defendant, to answer how he allegedly violated Plaintiff's constitutional rights. *See* Order [16] at 2. In response to that August 22, 2024 order, Plaintiff responded only that the Newton Police Department allegedly violated his Fourth and Fifth Amendment rights and that Patrick allegedly violated his Fourth and Seventh Amendment rights. *See* Pl.'s Resp. [19] at 2.[1]

On October 2, 2024, the Court ordered Plaintiff to show cause as to why his case should not be dismissed for failure to comply with a Court order and ordered Plaintiff to file a signed written response that fully complied with the August 22, 2024 order. Specifically the Court noted that, in his response, Plaintiff did not state if he was naming the City of Newton as a defendant in place of the Newton Police Department, nor did he state *how* his constitutional rights were allegedly violated besides merely listing the numbers of certain constitutional amendments without providing any facts or allegations. *See* Show Cause Order [20] (emphasis in the original). In response to the October 2, 2024 show cause order, Plaintiff stated that he was not naming the City of Newton Police Department and was voluntarily dismissing the police department as a defendant. *See* Pl.'s Resp. [21] at 1. Plaintiff also confirmed he was naming Patrick as a defendant for slander as "[Plaintiff's] name [sic] all over the news," pain and suffering, false arrest, and harassment because allegedly "Patrick falsely arrested [Plaintiff] then drop[ped] the charges and then c[a]me back and charged [Plaintiff] again once he told [Plaintiff] everything was good." *Id.* at 2.

The Court subsequently directed the Clerk to edit the docket to reflect the currently named defendants as Newton County, Scott County, Jody Pennington, Randy Patrick, and Brad Emmusdon. *See* Order [22]. On June 6, 2025, Patrick submitted an executed waiver of service.

---

[1] Plaintiff originally submitted an unsigned written response to the Court's August 22, 2024 order. *See* Unsigned Pl.'s Resp. [17]. The Court subsequently directed Plaintiff to sign his written response in order for it to remain filed, *see* [18], to which Plaintiff did so on September 20, 2024. *See* Pl.'s Resp. [19].

*See* Waiver of Service [49].  Patrick now moves for dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Under Rule 12(b)(6), the central question is whether the complaint includes claims that provide a plausible basis for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-63 (2007).  This question is answered by comparing the legal claims that have been identified in the complaint with the factual allegations offered in support.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In resolving this motion, the Court may consider the complaint, documents attached to the complaint, documents central to the claims that are referenced in the complaint, and matters of public record, such as documents filed in federal court.  *E.g.*, *Doe v. United States*, 853 F.3d 792, 800 (5th Cir. 2017), *as revised* (Apr. 12, 2017); *Joseph v. Bach & Wasserman*, LLC, 487 F. App'x 173, 178 n.2 (5th Cir. 2012).  Merely reciting the elements of a cause of action, or making conclusory factual or legal assertions, are insufficient to defeat a motion to dismiss.  *Jordan v. Flexton*, 729 F. App'x 282, 284 (5th Cir. 2018).

## ARGUMENTS AND AUTHORITIES

Plaintiff has sued Patrick only in his official capacity[2] for alleged violations of his Fourth, Fifth, and Seventh Amendment rights under Section 1983.  *See* Am. Compl. [8] at 3; *see also* Pl.'s Resp. [19] at 2.  The framework that applies to Plaintiff's Section 1983 claims are settled.  For there to be liability against a municipality, Plaintiff must show both (1) that a violation of the Constitution or federal law occurred and (2) that a governmental policy or custom was the moving

---

[2] Plaintiff has checked only the "official capacity" box for Patrick.  *See* Am. Compl. [8] at 2.  The claims against Patrick in only his official capacity are in effect claims against the municipality.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (explaining that official-capacity claims are really suits against the governmental entity).

force behind the violation. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. (2009). The complaint fails at both steps.

### I.      Plaintiff fails to plausibly plead any constitutional violation.

Plaintiff appears to claim that Patrick violated his constitutional right to due process and to be free from double jeopardy, false arrest, false imprisonment, slander, harassment, and pain and suffering. *See* Am. Compl. [8] at 2; *see also* Pl.'s Resp. [21] at 2. All claims fail.

**Due Process.** Plaintiff seems to ground his due process claim on the Fifth Amendment. *See* Am. Compl. [8] at 2. But the due process component of "[t]he Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000); *see also Morine v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Plaintiff does not allege that Patrick is a federal actor. Rather, Plaintiff alleges that Patrick was employed by the Newton Police Department. *See* Am. Compl. [8] at 2. For this reason alone, Plaintiff's due process claim fails and should be dismissed. *See*, *e.g.*, *Chappell v. City of Biloxi, Miss.*, 2025 WL 923493, at *5 (S.D. Miss. Feb. 7, 2025) (recommending plaintiff's Fifth Amendment due process claim be dismissed with prejudice because plaintiff did not allege that defendants the City of Biloxi and an investigator who worked for the Biloxi Police Department were acting under federal authority and thus plaintiff had no cause of action under the Fifth Amendment), *report and recommendation adopted*, 2025 WL 923490 (S.D. Miss. Mar. 26, 2025).

Out of an abundance of caution, the following addresses any potential Fourteenth Amendment due process claims. At the outset, any purported claim fails because Plaintiff's theory for his due process claim against Patrick sounds in false arrest. *See* Pl.'s Resp. [21] at 2. It is settled that a claim cannot be recast under the Fourteenth Amendment. Instead, where there is a specific Amendment that governs the plaintiff's claims, the claim must be brought under the

specific Amendment, and not the more general Fourteenth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular kind of government action, "that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims"); *C.H., II ex rel. L.H. v. Rankin Cnty. Sch. Dist.*, 415 F. App'x 541, 546 (5th Cir. 2011) (holding plaintiff's due process claims to be free from unlawful arrest was properly addressed under his Fourth Amendment claim, not under a procedural and substantive due process analysis); *O'Hara v. Petal Police Dep't*, 2006 WL 2583092, at *3 n.2 (S.D. Miss. 2006) (recognizing that pretrial deprivations of liberty are actionable only under the Fourth Amendment and not under the substantive due process guarantees of the Fourteenth Amendment). For this reason alone, any potential Fourteenth Amendment due process claims should be dismissed.

Even so, to the extent Plaintiff's due process claim against Patrick is predicated on allegations of slander, harassment, and pain and suffering, that claim fails. *See* Pl.'s Resp. [21] at 2. To state a Fourteenth Amendment due process claim under Section 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in deprivation of that interest. *Jabary v. City of Allen*, 547 F. App'x 600, 606 (5th Cir. 2013) (quoting *Gentillello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)). It is well established that there is no constitutional right to be free from defamation or slander. *See Williams v. Moore*, 2016 WL 57916699, at *12 (S.D. Tex. 2016) (citing *Paul v. Davis*, 424 U.S. 693 (1976) (recognizing that a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process Clause)). Thus, libel and slander are not cognizable under Section 1983 because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States. *See Cook v. Houston Post*, 616

F.2d 791, 794 (5th Cir. 1980); *see also Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (holding that allegations of slander by a former prisoner, resulting in public humiliation, scorn, and ridicule, did not state a claim under 42 U.S.C. § 1983). Accordingly, Plaintiff's due process claims fail.

**Double jeopardy.** Plaintiff also appears to invoke the Fifth Amendment for his double jeopardy claim. *See* Am. Compl. [8] at 3. Plaintiff alleges that "Patrick falsely arrested him," presumably for aggravated assault, dropped the charges, and then "charged [him] again once [Patrick] told [him] everything was good." Pl.'s Resp. [21] at 2. These allegations do not give rise to a double jeopardy violation factually or legally.

The Double Jeopardy Clause of the Fifth Amendment states that "[n]o person . . . shall be subject for the same offense twice to put in jeopardy of life or limb . . . ." U.S. CONST. amend. V.[3] The clause protects against a second prosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense." *Harrison v. Dretke*, 68 F.3d 469 (5th Cir. 1995) (per curiam) (citing *Fransaw v Lynaugh*, 810 F.2d 518, 523 (5th Cir. 1987), *cert. denied*, 483 U.S. 1008 (1987)). At its core, the clause "prevents a defendant from being tried more than once for a single offense." *United States v. Vasquez*, 899 F.3d 363, 381 (5th Cir. 2018) (citing *Missouri v. Hunter*, 459 U.S. 359, 365 (1983)). To that end, "[w]ithout former jeopardy, double jeopardy cannot arise." *United States v. Arreola-Ramos*, 60 F.3d 188, 193 (5th Cir. 1995).

Plaintiff does not allege that he was prosecuted after acquittal or conviction of the aggravated assault charge related to his first arrest, or that he received multiple punishments for that same offense. Indeed, the allegations make clear that Plaintiff was never even prosecuted for the aggravated assault charge related to his first arrest since the charge was allegedly dropped. *See*

---

[3] The prohibition against double jeopardy applies to the states through the Fourteenth Amendment. *See Benton v. Maryland*, 395 U.S. 784, 794 (1969).

*Williams v. Bradley,* 2019 WL 1120023, at *4 (S.D. Miss. 2019) (recognizing that because "Williams was never brought to trial on the Marion County charge . . . jeopardy did not attach."). As such, double jeopardy concerns are not implicated, and Plaintiff cannot state a violation of the Fifth Amendment. *See Blakley v. Andrade*, 360 F. Supp. 3d 453, 471 (N.D. Tex. 2019); *Reyes v. Harris Cnty.*, 2025 WL 786618, at *7 (S.D. Tex. 2025) (recognizing that "double jeopardy is not offended by the number of arrests to which a criminal defendant may be subjected" and dismissing plaintiff's Section 1983 double jeopardy claim for failure to state a claim).

  **False arrest/false imprisonment.** As discussed above, Plaintiff's false arrest and false imprisonment claims fall under the Fourth Amendment. *See Harness v. Hosemann*, 2019 WL 8113392, at *12 n.7 (S.D. Miss. 2019). "[T]o state a § 1983 claim for false arrest/false imprisonment, [a plaintiff] must plausibly allege that [the officer] 'did not have probable cause to arrest him.'" *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020). Here, Plaintiff does not allege any facts—other than his conclusory statement that "Patrick falsely arrested" him—that would support a claim that he was arrested without probable cause. *See* Pl.'s Resp. [21] at 2. This alone is sufficient to defeat Plaintiff's false arrest and false imprisonment claims. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009) ("The constitutional claim of false arrest requires a showing of no probable cause."); *see also Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, support by mere conclusory statements, do not suffice" to prevent dismissal.). That the aggravated assault charge was allegedly dropped is irrelevant for probable cause purposes. *See Buehler v. City of Austin*, 824 F.3d 548, 555-56 n.8 (5th Cir. 2016). And any allegations that Plaintiff's actions were justified by self-defense or any subjective motivation as to the arrest are likewise irrelevant. *See United States v. Lopez-Moreno*, 420 F.3d 420, 433 (5th Cir. 2005); *Grisham v. Valenciano*, 93 F.4th 903, 910-11 (5th Cir. 2024) (holding that a plaintiff's

"purported innocent explanations do not negate the officers' probable cause for executing [his] arrest[.]").

**Seventh Amendment.** In his response to the Court's August 22, 2024 order, Plaintiff lists the Seventh Amendment as a constitutional provision Patrick allegedly violated. *See* Pl.'s Resp. [19] at 2. The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury should be preserved." U.S. CONST. amend. VII. "This right, however, does not guarantee jury resolution of all factual disputes that arise in the course of litigation." *Dillion v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010). So, for example, a dismissal "pursuant to a valid . . . motion [to dismiss for failure to state a claim] does not violate [a plaintiff's] right to a jury trial under the Seventh Amendment." *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014). Likewise, a dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) or 1915A(b) of a prisoner's complaint after a screening court determines the action is frivolous, malicious, or fails to state a claim does not violate a plaintiff's right to a jury trial under the Seventh Amendment. *Hicks v. Tarrant Cnty. Sheriff's Dep't*, 32 F. App'x 876, 878 (5th Cir. 2009). There are no facts that Plaintiff was denied the right to a jury trial. To the extent this claim would be based on a grant of dismissal for failure to state a claim, that would not violate Plaintiff's Seventh Amendment rights.

## II.    Plaintiff has failed to plausibly plead any municipal liability claims.

"Without an underlying constitutional violation, an essential element of municipal liability is missing." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 847, 867 (5th Cir. 2012). Even if Plaintiff could demonstrate a constitutional violation, that still would not be enough to impose municipal liability, since municipalities are not vicariously liable of the actions or inactions of their employees. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2021). Instead,

there must be "something more" to impose liability on the City (or, as here, the official capacity defendant), i.e., a demonstration that the constitutional violation occurred because of a municipal policy or custom. *Id.*

In his operative pleadings, Plaintiff fails to allege that the City of Newton had a policy or custom of allowing citizens to be subjected to double jeopardy, arrested without probable cause, or denied due process. In fact, Plaintiff fails to point to additional instances of similar unconstitutional action or inaction by the City or its employees. *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010) ("A pattern of conduct is necessary . . . where the municipal actors are not policymakers." (emphasis in original)); *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) (noting that a pattern requires similarity and specificity, as well as "sufficiently numerous prior incidents" as opposed to "isolated instances" (citation omitted)); *Anokwuru v. City of Houston*, 990 F.3d 956, 966 (5th Cir. 2021) (affirming district court's Rule 12(b)(6) dismissal of plaintiff's § 1983 claim against the City because "isolated violations are not the persistent, often repeated, constant violations that constitute a custom or policy" (cleaned up)); *Jackson v. Valdez*, 852 F. App'x 129, 132, 135 (5th Cir. 2021) (determining that plaintiff's three separate arrests were insufficient "[t]o plausibly plead a practice so persistent and widespread as to practically have the force of law, a plaintiff must do more than describe the incident that gave rise to his injury" (internal quotation marks and citation omitted)). For these additional reasons, Plaintiff's claims against Patrick must be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant Randy Patrick requests that the claims against him be dismissed.

Dated: July 7, 2025.

Respectfully submitted,

**PHELPS DUNBAR, LLP**


BY:   _/s/ Sonya C. Dickson_
               G. Todd Butler, MSB #102907
               Sonya C. Dickson, MSB #106284
               1905 Community Bank Way,
               Suite 200
               Flowood, Mississippi 39232
               Telephone: 601-352-2300
               Telecopier: 601-360-9777
               Email: butlert@phelps.com
               Email: sonya.dickson@phelps.com

               **ATTORNEYS FOR RANDY
               PATRICK**

## <u>CERTIFICATE OF SERVICE</u>

I, Sonya C. Dickson, do hereby certify that I have this date electronically filed the above and foregoing Memorandum in Support of Motion to Dismiss by Randy Patrick with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record. Further, I hereby certify that I will mail through the United States Postal Service, postage prepaid, a true and correct copy of the above and foregoing to the following non-CM/ECF participant:

Azayvian Russell
Scott County Jail
530 Airport Road
Forest, MS 39074

***Pro se Plaintiff***

SO CERTIFIED, this the 7th day of July, 2025.


*/s/ Sonya C. Dickson*_____
Sonya C. Dickson

11