IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AZAYVIAN RUSSELL**                                                                 **PLAINTIFF**

v.                                                                    CIVIL NO. 3:24-cv-47-HTW-LGI

**NEWTON COUNTY, MISSISSIPPI;**
**JODY PENNINGTON; RANDY PATRICK;**
**BRAD EDMONDSON; and**
**SCOTT COUNTY, MISSISSIPPI**                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

Pro se Plaintiff Azayvian Russell sued Newton County, Mississippi; Sheriff Jody Pennington; former Officer Randy Patrick; MBI Agent Brad Edmondson; and Scott County, Mississippi, alleging constitutional violations from his June and July 2023 arrests and detention in the Scott County Jail. Defendant Randy Patrick seeks dismissal for failure to state a claim. Mot. [53]. For the reasons below, the undersigned recommends that Defendant Patrick's Motion to Dismiss [53] be granted.

**I. Background**

Pro se Plaintiff Azayvian Russell ("Plaintiff") is an inmate of the Scott County Jail in Forest, Mississippi. Plaintiff is proceeding *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"), and he brings this action under 42 U.S.C. § 1983.

Plaintiff claims that in June 2023, Defendant Patrick, acting as the Chief of Police for the City of Newton, arrested him for aggravated assault, but the charge was dropped, and Plaintiff was released because his actions were justified. Tr. [69]

at 28:16, 19, 24; 29:1–5; Am. Compl. [8] at 4–5.  About a month later, Plaintiff was arrested for charges of aggravated assault with a deadly weapon and murder that are the basis for his current detention.

In his response to the Court's first Order directing Plaintiff to state how Patrick allegedly violated his constitutional rights, Plaintiff claims that Patrick violated his Fourth and Seventh Amendment rights and that the City of Newton violated his Fourth and Fifth Amendment rights.  Pl.'s Resp. [19] at 2.  In his second response, Plaintiff stated that he is naming Patrick as a defendant for slander, pain and suffering, false arrest, and harassment because Plaintiff's "name [was] all over the news" and "Patrick falsely arrested him" and then dropped the charges.  Pl.'s Resp. [21] at 2.

On May 14, 2025, the undersigned conducted an Omnibus Hearing under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny.  At the hearing, Plaintiff testified that he is suing Patrick for false arrest.  Tr. [69] at 12:7. Plaintiff explained that Patrick arrested him on either June 16 or 17, for a charge of aggravated assault but ended up letting him go that same day.  Tr. [69] at 28:16, 19, 24; 29:1–5.  Plaintiff testified that neither Patrick nor the City of Newton participated in his subsequent arrest for charges of aggravated assault with a deadly weapon and murder that are the basis for his current detention.  Tr. [69] at 17:25; 18:1–12; 28:16–17, 24–25; 29:1–5.

Defendant Patrick's Motion to Dismiss

Defendant Patrick filed his Motion to Dismiss [53] based on Federal Rule of

2

Civil Procedure 12(b)(6) for failure to state a claim because Plaintiff "has not suffered a constitutional violation and cannot establish a basis for *Monell* liability." Mot. [53] at 1. Patrick asserts that Plaintiff's due process claim as brought under the Fifth Amendment fails because Patrick is not a federal actor. Patrick also asserts that any due process claim predicated on slander and harassment fails because there is no constitutional right to be free from defamation or slander under § 1983.

Patrick next argues that Plaintiff's purported claim of double jeopardy is factually and legally deficient because Plaintiff does not allege that he was prosecuted after acquittal or conviction or that he received multiple punishments for the same offense. Likewise, Patrick asserts that Plaintiff's inclusion of the Seventh Amendment as a constitutional provision that Patrick allegedly violated is misplaced because Patrick has not deprived Plaintiff of his right to a jury trial.

Patrick asserts that Plaintiff's allegations of false arrest and false imprisonment are properly analyzed under the Fourth Amendment, but Plaintiff fails to support his conclusory statement with any facts that Patrick arrested him without probable cause. Lastly, Patrick argues that Plaintiff fails to establish municipal liability as necessary to sue Patrick in his official capacity.

At the August 13, 2025, Omnibus Hearing, the undersigned asked Plaintiff if he intended to respond to Patrick's motion to dismiss, and Plaintiff answered, "No, ma'am." Tr. [69] at 29:19–21. The undersigned confirmed Plaintiff's intention,

stating, "Okay, no response. So, the Court will rule on the motion as filed, okay?" to which Plaintiff replied, "Yes, ma'am." Tr. [69] at 29:22–24.

## II. Standard

The Court must dismiss a complaint when the action "fails to state a claim on which relief may be granted." Fed. R. Civ. P. 12(b)(6). Motions to dismiss test the sufficiency of a complaint. *See Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991). To survive a motion to dismiss, plaintiffs are required to demonstrate "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court in *Iqbal* established a two-pronged approach when deciding whether a complaint contains sufficient factual allegations to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 679. First, it should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Second, "[if] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### III. Discussion

Plaintiff brings his claims under 42 U.S.C. § 1983. "To state a claim under [section] 1983, a plaintiff must first show a violation of the Constitution or federal law, and then show that the violation was committed by someone acting under color of state law." *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (quoting *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005)).

Defendant Patrick argues that Plaintiff fails to plausibly plead a constitutional violation or a claim for municipal liability as required to obtain relief under § 1983. The undersigned agrees.

A. <u>Plaintiff fails to state a claim for relief against Defendant Patrick</u>

First, Plaintiff's due process claim asserted under the Fifth Amendment fails because Patrick is neither a federal actor nor the United States. *See Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) ("The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor."). Plaintiff asserts that Patrick was acting as an officer for the City of Newton Police Department. There are no allegations that Patrick acted under the authority of the federal government. *See, e.g.*, *Chappell v. City of Biloxi, Miss.*, No. 1:23-CV-314-TBM-RPM, 2025 WL 923493, at *5 (S.D. Miss. Feb. 7, 2025)(dismissing Fifth Amendment due process claim against city police department employee for lack of federal action), *report and recommendation adopted* 2025 WL 923490 (S.D. Miss. Mar. 26, 2025). Nor do Plaintiff's allegations against Patrick amount to a viable double jeopardy claim under the Fifth Amendment. *See Schiro v. Farley*, 510 U.S.

5

222, 229–30 (1994) (reiterating Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense).  Plaintiff fails to state a claim for relief under the Fifth Amendment against Defendant Patrick.

Likewise, Plaintiff asserts no facts that he was denied the right to a jury trial, much less that Patrick somehow denied him that right.  Plaintiff's claim under the Seventh Amendment fails.

Next, Plaintiff claims that Patrick is liable for slander because his "name [was] all over the news" but the aggravated assault charge was dropped.  Pl.'s Resp. [21] at 2.  Mere harm to one's reputation does not violate the Constitution.  *See Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (holding that allegations of public humiliation and subjection to scorn and ridicule did not state a claim under 42 U.S.C. § 1983); *Castillo v. Bowles*, 687 F. Supp. 277, 282 (N.D. Tex. 1988) ("Plaintiff alleges only harm to his reputation, which is not protected by the Constitution").  Plaintiff's claims against Patrick for slander, harassment, and pain and suffering do not rise to the level of a constitutional deprivation under § 1983. *See Collins v. Tex. Dep't of Fam. and Protective Servs.*, No. 5:19-CV-219-C, 2020 WL 421497, at *8 (N.D. Tex. Apr. 22, 2020) (dismissing defamation claim based on allegation of embarrassment and humiliation).

This leaves Plaintiff's claim of false arrest by Patrick.  The Fourth Amendment guarantees the right to be free from unlawful arrest but the "Constitution does not guarantee that only the guilty will be arrested." *Baker v.*

*McCollan*, 443 U.S. 137, 145 (1979). To state a claim for false arrest, Plaintiff "must plausibly allege that [Patrick] 'did not have probable cause to arrest him.'" *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) (quoting *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004)). Plaintiff makes no such assertion here. Plaintiff does not allege that Patrick lacked probable cause to arrest him, only that Patrick later dropped the aggravated assault charge and released Plaintiff. This does not equate to a lack of probable cause at the time of his arrest. Because Plaintiff's conclusory allegations fail to state a claim for false arrest against Patrick, dismissal under Rule 12(b)(6) is proper. *See, e.g.*, *Arnold*, 979 F.3d at 269 (finding arrestee failed to allege that defendant did not have probable cause to arrest him thereby failing to plausibly plead an essential element of false arrest claim and entitling defendant to dismissal under Rule 12(b)(6)).

B. <u>Plaintiff fails to state a claim for municipal liability</u>

A municipality may be held liable under § 1983 when its official policy or customs violate the Constitution. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). But "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Thus, to establish a § 1983 claim against Patrick in his official capacity, Plaintiff must prove (1) the existence of a policymaker, and (2) an official policy or custom (3) which is the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). "And to get past the pleading stage, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation

7

cannot be conclusory; it must contain specific facts." *Henderson v. Harris Cnty., Texas*, 51 F.4th 125, 130–31 (5th Cir. 2022) (cleaned up) (finding district court properly granted Rule 12(b)(6) motion to dismiss for arrestee's failure to plausibly allege each element of *Monell* claim).

It is not clear if Patrick is a policymaker for the City of Newton but in any event, Plaintiff points to no official policy or custom of the City of Newton, nor does he explain how any such policy or custom caused any alleged constitutional violations. Plaintiff fails to state a claim for *Monell* liability.

## IV. RECOMMENDATION

The undersigned has considered all arguments. Those not directly addressed would not have changed the outcome. For the above reasons, the undersigned recommends that Defendant Randy Patrick's Motion to Dismiss [53] for failure to state a claim under Fed. R. Civ. P. 12(b)(6) be GRANTED.

## V. NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R.

Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Respectfully submitted, this, the 15th day of January, 2026.

/*LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE