**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**AZAYVIAN RUSSELL**                                                                      **PLAINTIFF**

**v.**                                                                **CIVIL NO. 3:24-cv-47-HTW-LGI**

**NEWTON COUNTY, MISSISSIPPI;
JODY PENNINGTON; BRAD EDMONDSON;
and SCOTT COUNTY, MISSISSIPPI**

                                                                                        **DEFENDANTS**

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE**

BEFORE THIS COURT is the Report and Recommendation [ECF No. 76] of United States Magistrate Judge LaKeysha Greer Isaac. In her Report and Recommendation (R&R), filed May 26, 2026, Magistrate Judge Isaac recommended that this civil action be dismissed, without prejudice, for Plaintiff's failure to prosecute and obey the Orders of the Court. Defendants Newton County and Jody Pennington filed a timely objection [ECF No. 77], and Plaintiff filed no response.

Title 28 U.S.C. § 636(b)(1) requires the Court to "make a de novo determination of those portions of the Report and Recommendation or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3). A party is required to specifically identify the findings to which they object, and the basis for those objections. *See Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987).

In their Objection [77], Defendants Newton County and Jody Pennington agree that Plaintiff has failed to prosecute this case and that dismissal for such inaction is appropriate, but they assert a completely alternate ground for dismissal which would require dismissal with prejudice. Defendants assert that on January 26, 2026, Plaintiff was convicted of the charges that, in part, are the subject of this civil action, thus his claims are now barred by *Heck v. Humphrey*,

512 U.S. 477 (1994). The R&R does not address this alternate ground for dismissal because it was not before the Magistrate Judge. This new ground for dismissal is not properly before the Court[1] because "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 234 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *U.S. v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *see also Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016) (holding that a "claim will not be considered because it was raised for the first time in his objections to the magistrate judge's report and recommendation"); *Martin v. Errington*, No. 3:18-cv-680-DPJ-RHW, 2020 WL 819403, at * 2 (S.D. Miss. 2020) (same).

The Court has conducted an appropriate review of the R&R and finds it well-taken and finds the objections unavailing. The Court therefore finds that the R&R is adopted as the finding and holding of the Court.

**IT IS THEREFORE ORDERED** that the Court ADOPTS the Report and Recommendation [ECF No. 76] of Magistrate Judge Isaac filed May 26, 2026, as the Order of this Court and this § 1983 civil action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and obey the Court's Orders. Plaintiff was advised on more than one occasion that failure to comply with the Orders of the Magistrate Judge could result in the dismissal of this entire case against all defendants, namely: Newton County, Mississippi; Jody Pennington; Brad Edmondson; and Scott County, Mississippi.

---

[1] The Court recognizes that Defendants cite to *Heck v. Humphrey* in their Answer filed March 31, 2025, but until Plaintiff's January 26, 2026 conviction, dismissal with prejudice under *Heck* was not available. There also was no impediment to Defendants filing a separate motion seeking dismissal under *Heck* after Plaintiff's conviction and before the entry of the Magistrate Judge's R&R on May 26, 2026, or before the entry of this Order.

A separate Final Judgment will enter.

**SO ORDERED**, this the 26th day of June, 2026.

s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE